19-722-cv
*Kerven v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty.

PRESENT:   JOHN M. WALKER, JR.,
           DENNY CHIN,
           STEVEN J. MENASHI,
                   *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JAMES M. KERVEN,

                   *Plaintiff-Appellant,*

           -v-                                          19-722-cv

UNITED STATES OF AMERICA,

                   *Defendant-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        James M. Kerven, *pro se*, Syracuse, New York.

FOR DEFENDANT-APPELLEE:         Richard E. Zuckerman, Principal Deputy
                                Assistant Attorney General, Michael J. Haungs,
                                Kathleen E. Lyon, Attorneys, Tax Division,
                                Department of Justice, Washington, DC.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant James Kerven, *pro se,* appeals from a judgment entered June 10, 2019 dismissing his complaint against defendant-appellee United States of America for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The complaint alleged that the Tax Cuts and Jobs Act of 2017, Public Law 115-97 (the "Act"), was unconstitutional and violated Kerven's due process rights. The district court dismissed the complaint for lack of subject matter jurisdiction, reasoning that Kerven lacked standing because he did not allege a concrete, particularized injury. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's determination that a plaintiff lacked standing to sue. *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84-85 (2d Cir. 2014). To have standing, a plaintiff must show that (1) he has an injury-in-fact, (2) there is a causal connection between the injury and conduct of which he complains, and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). An injury-in-fact requires a concrete injury to

2

create a sufficient personal stake in the litigation. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Hypothetical injuries are generally not sufficient to meet the requirement. *Id.* And "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Kerven cannot show an injury-in-fact. He alleged that he had standing based on his status as a taxpayer, as a representative of American taxpayers, and as a person who engages in commerce in the United States. The fact, however, that a plaintiff is a taxpayer is generally not sufficient to establish standing because the alleged injury -- *i.e.*, an effect on taxes -- is too abstract. *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 593 (2007); *Bd. of Educ. of Mt. Sinai Union Free Sch. Dist. v. N.Y. State Teachers Ret. Sys.*, 60 F.3d 106, 110 (2d Cir. 1995). There is a narrow exception to this rule with respect to taxpayers challenging laws under the Establishment Clause, *see Flast v. Cohen*, 392 U.S. 83, 88 (1968), but the Supreme Court has not expanded this exception to other constitutional provisions, *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 139 (2011). The exception is therefore not applicable here. Accordingly, Kerven's status as a taxpayer alone is not sufficient to establish a concrete, particularized injury.

Kerven argues that he was injured by the "debt shenanigans" created by the Act. Appellant's Br. at 13. Specifically, he contends, he became a "debt holder" because the Government did not pay its debt, his taxes were not lowered, and the Act

3

"purposefully increased" the federal budget deficit. Appellants' Br. at 13. He also argues that his injury was concrete because the tax cuts affected the budget deficit, and his injury was not a generalized grievance because it was "specifically applicable" to everyone. Appellant's Br. at 32. These arguments do not establish standing. Even assuming that the federal budget would increase and that his taxes would not be lowered as a result of the Act, Kerven has not sufficiently alleged a concrete or particularized injury. *See Bd. of Educ. of Mt. Sinai Union Free Sch. Dist.*, 60 F.3d at 110 (effect of government action on future taxation too remote to create an injury); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 345-46 (2006) (plaintiffs had no standing to challenge tax credit scheme where injury asserted was depletion of state budget and disproportionate tax burden). Further, Kerven's argument that the injury he asserts was applicable to everyone undermines his position that he suffered a particularized injury. *See Warth*, 422 U.S. at 499.

\* \* \*

We have considered Kerven's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4